IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of

3663 Nuestro Road  
Yuba City, CA  
(and other locations)

Case No. 08-SW-180, 181, 183, 184 GGH

<u>ORDER</u>

_____/

  The undersigned hereby rescinds his interim order entered at status conference of June 5, 2008, regarding the non-contact of patients whose medical records were seized as a result of search warrants in the above captioned cases. Either the United States, or the search target (Sekhon), may now contact the patients as they see fit.

  The above referenced interim order was issued after the undersigned had authorized search warrants for premises owned or used by Dr. Arjinderpal Sekhon. The warrant, in part, called for seizure of patient medical records, as well as records potentially protected by the attorney-client privilege. Due to the swiftness of events and the sensitive nature of some of the records seized, the undersigned called for a status conference to determine the logistics of review of the seized documents, including electronic documents, so that privileges could be properly preserved. A part of the interim order required that neither side contact patients associated with the seized records until the court, with the assistance of the parties, could sort out

1

the matter of medical records privilege.

Federal law does not recognize a generic medical information privilege.  The Supreme Court has flatly stated that "[t]he physician-patient evidentiary privilege is unknown to the common law. [Citations.]" Whalen v. Roe, 429 U.S. 589, 602, n. 28, 97 S. Ct. 869, 877, n. 28, 51 L. Ed. 2d 64 (1977).  (But see, dissent of Chief Justice Burger in Dept. of Air Force v. Rose, 425 U.S. 352, 387, 96 S. Ct. 1592, 1611, 48 L. Ed. 2d 11 (1976), in which he noted "[t]he law's long established physician-patient privilege.") The Ninth Circuit, while noting "that the Hippocratic tradition of physician non-disclosure of patient secrets is ancient," In re Grand Jury Proceedings, 867 F.2d 562, 565 (9th Cir.1989), abrogated on other grounds Jaffe v. Redmond, 518 U.S. 1, 116 S. Ct. 1923 (1996) (establishing psychotherapist/patient privilege), has also declined to recognize a physician-patient privilege. Id., at 564; In re Grand Jury Proceedings (Doe), 801 F.2d 1164, 1169 (9th Cir.1986). When asked to develop such a rule in deference to, and as a matter of comity with, California's statutory physician-patient privilege, the Ninth Circuit declined, even though it recognized "that Congress intended that the courts have flexibility to develop rules on privileged communications on a case-by-case basis when it enacted Fed.R.Evid. 501." In re Grand Jury Proceedings, 867 F.2d at 564.[1]

The undersigned has recognized a claim of privilege under federal common law as recognizing a qualified privacy privilege in personal information, Pagano v. Oroville Hospital, 145 F.R.D. 683, 698-99 (E.D. Cal. 1993); however, because the United States has propounded specific law and regulation regarding the release of medical records, those specific legislative and executive rules govern the disclosure of medical records as opposed to a general privacy privilege.

\\\\\

\\\\\

---

[1] However, the Supreme Court has recognized a specific psychotherapist-patient privilege. Jaffe v. Redmond, 518 U.S. 1, 116 S. Ct. 1923 (1996).

The specific legislation referenced is the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub.L. No. 104-191, 110 Stat. 1936. While the legislation does prohibit/limit the dissemination of medical records, the legislation itself does not create a privilege in the non-disclosure of records. United States v. Beck, 493 F.3d 790, 802 (7th Cir. 2007). The executive branch has issued regulations specifying when disclosure is appropriate and under what limitations, 45 CFR § 164.152. The specific subsection applicable here, (f), provides in pertinent part:

> (f) Standard: Disclosures for law enforcement purposes. A covered entity may disclose protected health information for a law enforcement purpose to a law enforcement official if the conditions in paragraphs (f)(1) through (f)(6) of this section are met, as applicable.
> (1) Permitted disclosures: Pursuant to process and as otherwise required by law. A covered entity may disclose protected health information:
> (i) As required by law including laws that require the reporting of certain types of wounds or other physical injuries, except for laws subject to paragraph (b)(1)(ii) or (c)(1)(i) of this section; or
> (ii) In compliance with and as limited by the relevant requirements of:
> (A) A court order or court-ordered warrant, or a subpoena or summons issued by a judicial officer...

While other disclosure authorizations within § 164.152 require notice to the individual whose records are subpoenaed, see e.g., subsection (f)(3), § 164.152(e), subsection (f)(1) contains no such requirement. The undersigned views the absence of patient notification in subsection (f)(1) as purposeful since it could have been easily incorporated from other sections.

*Conclusion*

The undersigned's interim order issued verbally at the June 5, 2008 status conference with respect to non-contact of patients, whose medical records were seized by authorization of the search warrants in the above referenced cases, is rescinded. Both the government and Sekhon may contact the patients. While the undersigned does not attempt to define proper and improper contacts herein, Sekhon should be guided by the government's position on potentially misleading letters to patients.

\\\\\

3

Other aspects of the interim order(s) remains in effect.

DATED: 06/23/08

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
nuestro.ord